# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH SMITH,

       Plaintiff-Appellant,

v

CITY OF DETROIT,

       Defendant/Cross Plaintiff,

and

MERLO CONSTRUCTION COMPANY INC.,

       Defendant/Cross Defendant-
       Appellee,

and

RAUHORN ELECTRIC INC.,

       Defendant/Cross Defendant/Cross
       Plaintiff,

and

PARSONS BRINCKERHOFF MICHIGAN INC.,
and POCO INC.,

       Defendants/Cross Defendants.

UNPUBLISHED
July 24, 2018

No. 337708
Wayne Circuit Court
LC No. 15-001269-NO

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

JANSEN, J. (*concurring in part and dissenting in part*).

Although I agree with the majority that this matter is a premises liability action rather than an ordinary negligence action, I disagree that a question of fact remains regarding whether the missing slab was an open and obvious danger. For that reason, I dissent.

A possessor of land does not owe a duty to an invitee relative to dangers that are open and obvious. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). This is "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may

then take reasonable measures to avoid." *Id*. at 461. "A condition of the land is open and obvious when it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Finazzo v Fire Equipment Co*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 338421); slip op at 3 (quotation marks and citation omitted).

As articulated by our Supreme Court in *Hoffner*,

> exceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations. Thus, an "unreasonably dangerous" hazard must be just that – not just a dangerous hazard, but one that is *unreasonably* so. And it must be *more than* theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances. An "effectively unavoidable" hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances. [*Hoffner*, 492 Mich at 472-473 (citations omitted; emphasis in original).]

In my view, a missing slab of concrete in the sidewalk, even in darkness and without warnings or barriers, is observable to an average person with ordinary intelligence. Although plaintiff may not have had the benefit of daylight, there is no dispute that at least minimal street lighting was present; plaintiff was not traveling in total darkness. Furthermore, a missing sidewalk slab is not impassable, especially on a bicycle. Had plaintiff been more observant, he could easily have avoided the missing sidewalk slab.[1] To be clear, I cannot conclude that any record facts indicate that the hazard plaintiff faced was so unreasonably dangerous that it constitutes an exception to the open and obvious doctrine.

Based on the foregoing, I would affirm the trial court's grant of summary disposition in favor of defendant, Merlo Construction Company, Inc.

/s/ Kathleen Jansen

---

[1] I would also note that it would be unreasonable to expect that a sidewalk will always be clear of any obstructions, and that plaintiff has an ongoing duty to remain observant of his surroundings. For example it would not be uncommon to encounter children's toys, fallen tree branches, or people when riding a bicycle on a sidewalk. This may be the reason why some municipalities require bicycles to be ridden on residential streets or city roads, not sidewalks.